UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
RUBEN D. CERDA and KELVIN D. CERDA,

                              Plaintiffs,

          -against-

THE CITY OF NEW YORK,
POLICE OFFICERS DANIEL JENNINGS,
MICHAEL LAZAROU, SIU LAM,
JOHN MUSANTE, MICHAEL CARRIERI,
RYAN PUGLISI, DAVID RUSSO, CESAR ARCEO,
SERGEANT DOMINICK DESIERVI, JOHN DOE 1,
intended to be the police officer/Sergeant who searched
the vehicle of the plaintiff, KELVIN D. CERDA, on
November 18, 2012, and confiscated the vehicle of
Plaintiff, KELVIN CERDA, on November 30, 2012.
JOHN DOES 2 through 5, intended to be the police
officers or Sergeants involved in the stop, frisk, search,
arrest and/or supervision of the stop, frisk search and
arrest of the plaintiffs, RUBEN D. CERDA and
KELVIN D. CERDA and the paperwork/reports
connected thereto.

                              Defendants.
----------------------------------------------------------------------x

CA No.: 15-CV-5371 (FB)(MDG)

**AMENDED**
**COMPLAINT**

**JURY TRIAL DEMANDED**

       Plaintiffs **RUBEN D. CERDA and KELVIN D. CERDA**, by and through their attorney,

**STEFANO A. FILIPPAZZO, P.C.**, complaining of the Defendants herein, respectfully shows

the Court and alleges:

**PRELIMINARY STATEMENT**

1. This is a civil rights action in which the Plaintiffs seeks relief for the Defendants' violation of their rights secured by the Civil Rights Act of 1871, 42 U.S.C. §1981 and §1983; by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws of the Constitution of the State of New York. The Plaintiffs seek damages, both compensatory and punitive, affirmative equitable relief, an award of costs and attorney's fees, and such other and further relief as this Court deems just and equitable.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343 and 42, this being an action seeking redress for the violation of plaintiffs' constitutional and civil rights

3. Jurisdiction is also invoked herein pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

4. The plaintiffs respectfully request that this Court exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any state court causes of action that arise from a common nucleus of operative facts that give rise to the federally based causes of action pleaded herein, and as against all parties that are so related to claims in this action within the original jurisdiction of this court that are formed as part of the same case or controversy.

5. Venue herein is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

## PARTIES

6. Plaintiff RUBEN D. CERDA at all times hereinafter mentioned was a citizen of the United States residing in the State of New York, County of Queens.

7. Plaintiff KELVIN D. CERDA at all times hereinafter mentioned was a citizen of the United States residing in the State of New York, County of Queens.

8. Defendant THE CITY OF NEW YORK was and still is a municipal corporation duly organized and existing by virtue of the laws of the State of New York.

9. Defendant THE CITY OF NEW YORK is and was at all times relevant herein authorized to maintain a New York City Police Department, which acts as its agent in the area of law enforcement related to arrests and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the Police Department of the City of New York.

10. Defendants, DANIEL JENNINGS ("JENNINGS"), MICHAEL LAZAROU ("LAZAROU"), SIU LAM ("LAM"), JOHN MUSANTE ("MUSANTE") MICHAEL CARRIERI ("CARRIERI"), RYAN PUGLISI ("PUGLISI"), DAVID RUSSO ("RUSSO"), CESAR ARCEO ("ARCEO"), SERGEANT DOMINICK DESIERVI ("DESIERVI"), JOHN DOE 1, intended to be the police officer/Sergeant who searched the vehicle of the plaintiff, KELVIN D. CERDA, on November 18, 2012, and confiscated the vehicle of Plaintiff, KELVIN CERDA, on November 30, 2012 ("JOHN DOE 1"). JOHN DOES 2 through 5, intended to be

the police officers or Sergeants involved in the stop, frisk, search, arrest and/or supervision of the stop, frisk, search and arrest of the plaintiffs, RUBEN D. CERDA and KELVIN D. CERDA and the paperwork/reports connected thereto, are and were at all times relevant herein duly appointed and acting officers, sergeants, servants, employees and agents of the New York City Police Department, a municipal agency of Defendant THE CITY OF NEW YORK ("JOHN DOES 2 through 5"). Defendants JENNINGS, LAZAROU, LAM, MUSANTE, CARRIERI, PUGLISI, RUSSO, ARCEO, DESIERVI, JOHN DOE 1 and JOHN DOES 2 through 5, were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, sergeants, agents, servants, and employees of Defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful function in the course of their duties. Defendants JENNINGS, LAZAROU, LAM, MUSANTE, CARRIERI, PUGLISI, RUSSO, ARCEO, DESIERVI, JOHN DOE 1 and JOHN DOES 2 through 5, are sued individually.

## STATEMENT OF FACTS

11. From on or about November 18, 2012 through on or about February 7, 2013, Defendants JENNINGS, LAZAROU, LAM, MUSANTE, CARRIERI, PUGLISI, RUSSO, ARCEO, DESIERVI, JOHN DOE 1 and JOHN DOES 2 through 5 abused their authority in searching the car in which Plaintiffs RUBEN D. CERDA and KELVIN D. CERDA were occupants, abused their authority in frisking the plaintiffs, abused their authority in stopping the car in which

plaintiffs were occupants; abused their authority in searching the plaintiffs; abused their authority in threatening the plaintiff, RUBEN D. CERDA, abused their authority in using excessive force on the plaintiff, KELVIN D. CERDA at the following locations: (1) Whitney Avenue and Hampton Street, (2) Lamont Avenue and Elbertson Street and (3) the Long Island Expressway and Van Wyck Expressway, in Queens, NY; and in maliciously prosecuting the plaintiffs, RUBEN D. CERDA and KELVIN D. CERDA; in depriving the rights of RUBEN D. CERDA and KELVIN D. CERDA, and engaging in other misconduct, in Queens County, New York.

## FEDERAL CLAIMS AS TO PLAINTIFF RUBEN D. CERDA
### COUNT ONE AS TO PLAINTIFF RUBEN D. CERDA

(U.S.C. §1983 Deprivation of Rights)

12. Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

13. By their conduct and actions in arresting, imprisoning, failing to intercede on the behalf of Plaintiff RUBEN D. CERDA, and in failing to protect him from the unjustified and unconstitutional treatment he received at the hands of Defendants JENNINGS, LAZAROU, LAM, MUSANTE, CARRIERI, PUGLISI, RUSSO, ARCEO, DESIERVI, JOHN DOE 1 and JOHN DOES 2 through 5, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of Plaintiffs' constitutional rights as guaranteed under 42 U.S.C. § 1981 and §1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

14. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered great humiliation, emotional distress and injury, nightmares, anxiety and nervousness, costs, and expenses, and was otherwise damaged and injured.

## COUNT TWO AS TO PLAINTIFF RUBEN D. CERDA

(*Monell* Claim)

15. Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

16. At all times material to this complaint, Defendant THE CITY OF NEW YORK, acting through its police department, and through Defendants JENNINGS, LAZAROU, LAM, MUSANTE, CARRIERI, PUGLISI, RUSSO, ARCEO, DESIERVI, JOHN DOE 1 and JOHN DOES 2 through 5, had *de facto* policies, practices, customs, and usages which where a direct and proximate cause of the unconstitutional conduct alleged herein.

17. At all times material to this Complaint, Defendant THE CITY OF NEW YORK, acting through its police department, and through Defendants JENNINGS, LAZAROU, LAM, MUSANTE, CARRIERI, PUGLISI, RUSSO, ARCEO, DESIERVI, JOHN DOE 1 and JOHN DOES 2 through 5, had *de facto* policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers and of failing to inform the individual Defendants' supervisors of their need to train, screen, supervise, or discipline said Defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

18. As a result of the foregoing, Plaintiff RUBEN D. CERDA was deprived of his liberty, suffered great humiliation, emotional distress and injury, nightmares, anxiety and nervousness, costs, and expenses, and was otherwise damaged and injured.

### COUNTS THREE AND FOUR AS TO PLAINTIFF RUBEN D. CERDA

(Excessive Force)

19. Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

20. By his actions, in physically using excessive force against Plaintiff RUBEN D. CERDA, defendants JENNINGS, LAZAROU, LAM, MUSANTE, CARRIERI, PUGLISI, RUSSO, ARCEO, DESIERVI, JOHN DOE 1 and JOHN DOES 2 through 5, used excessive force. More particularly, on November 18, 2012, LAZAROU frisked RUBEN D. CERDA, snatched his cell phone out of his hand, and threatened to arrest the plaintiff, RUBEN D. CERDA if he didn't leave the scene.

21. As a result of the foregoing, Plaintiff RUBEN D. CERDA suffered physical injury, great humiliation, emotional distress and injury, nightmares, anxiety and nervousness, costs, and expenses, and was otherwise damaged and injured.

## I. STATE LAW CLAIMS AS TO RUBEN D. CERDA

### COUNT FIVE AS TO PLAINTIFF RUBEN D. CERDA

(Negligent Infliction of Emotional Harm)

22. Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

23. By their actions in negligently investigating plaintiff, Defendants JENNINGS, LAZAROU, LAM, MUSANTE, CARRIERI, PUGLISI, RUSSO, ARCEO, DESIERVI, JOHN DOE 1 and JOHN DOES 2 through 5, negligently inflicted emotional harm and injury upon the Plaintiff RUBEN D. CERDA. The acts and conduct of the Defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

24. As a result of the foregoing, Plaintiff RUBEN D. CERDA suffered great humiliation, emotional distress and injury, nightmares, anxiety and nervousness, costs, and expenses, and was otherwise damaged and injured.

### COUNT SIX AS TO PLAINTIFF RUBEN D. CERDA

(Malicious Prosecution)

25. Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

26. By their actions in initiating the prosecution of Plaintiff RUBEN D. CERDA with malice, and without sufficient probable cause, Defendants JENNINGS, LAZAROU, LAM, MUSANTE,

CARRIERI, PUGLISI, RUSSO, ARCEO, DESIERVI, JOHN DOE 1 and JOHN DOES 2 through 5, maliciously prosecuted the Plaintiff. The acts and conduct of the Defendants were the direct and proximate cause of injury and damage to the Plaintiff RUBEN D. CERDA and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

27. As a result of the foregoing, Plaintiff RUBEN D. CERDA was deprived of his liberty, suffered great humiliation, emotional distress and injury, nightmares, anxiety and nervousness, costs, and expenses, and was otherwise damaged and injured.

## COUNT SEVEN AS TO PLAINTIFF RUBEN D. CERDA
### (Abuse of Authority)

28. On November 18, 2012, JENNINGS searched the car in which RUBEN CERDA, was an occupant at Whitney Avenue and Hampton Street in Queens, NY without justification or cause, in abuse of his authority.

29. On November 18, 2012, LAZAROU, frisked Plaintiff, RUBEN CERDA, at Whitney Avenue and Hampton Street, in Queens, NY, without justification or cause, in abuse of his authority.

30. On February 7, 2013, LAM, participated in the stop of the car in which Plaintiff, RUBEN CERDA, was an occupant at Lamont Avenue and Elbertson Street in Queens, NY, without justification or cause, in abuse of his authority.

31. On February 7, 2013, MUSANTE frisked Plaintiff, RUBEN CERDA, at Lamont Avenue and Elbertson Street, in Queens, NY, without justification or cause, in the abuse of his authority.

32. On February 7, 2013, MUSANTE searched the car in which Plaintiff, RUBEN CERDA, was an occupant at Lamont Avenue and Elbertson Street, in Queens, NY, without justification or cause, in abuse of his authority.

33. As a result of the foregoing, Plaintiff KELVIN D. CERDA, was deprived of his liberty, suffered great humiliation, emotional distress and injury, nightmares, anxiety and nervousness, costs, and expenses, and was otherwise damaged and injured.

### COUNT EIGHT AS TO PLAINTIFF RUBEN D. CERDA
**(Other Misconduct)**

34. On November 18, 2012, DESIERVI failed to supervise officers JENNINGS and LAZAROU, as required by Patrol Guide Procedure 202-18.

35. On November 18, 2012, LAZAROU failed to prepare a stop and frisk report as required by Patrol Guide Procedure 212-11.

36. On February 7, 2013, CARRIERI, failed to prepare a memo book entry as required by Patrol Guide Procedure 212-08.

37. As a result of the foregoing, Plaintiff KELVIN D. CERDA was deprived of his liberty, suffered great humiliation, emotional distress and injury, nightmares, anxiety and nervousness, costs, and expenses, and was otherwise damaged and injured.

## II.  FEDERAL CLAIMS AS TO PLAINTIFF KELVIN D. CERDA

### COUNT ONE AS TO PLAINTIFF KELVIN D. CERDA

(U.S.C. §1983 Deprivation of Rights)

38. Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

39. By their conduct and actions in arresting, imprisoning, failing to intercede on the behalf of Plaintiff KELVIN D. CERDA, and in failing to protect him from the unjustified and unconstitutional treatment he received at the hands of Defendants JENNINGS, LAZAROU, LAM, MUSANTE, CARRIERI, PUGLISI, RUSSO, ARCEO, DESIERVI, JOHN DOE 1 and JOHN DOES 2 through 5, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of Plaintiffs' constitutional rights as guaranteed under 42 U.S.C. § 1981 and §1983 and the United States Constitution, including its Fourth and Fourteenth Amendments. In addition, on November 18 and November 30, 2012, the defendant, JENNINGS, placed the plaintiff, KELVIN D. CERDA, in handcuffs before searching his vehicle and before placing him under arrest.

40. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered great humiliation, emotional distress and injury, nightmares, anxiety and nervousness, costs, and expenses, and was otherwise damaged and injured.

## COUNT TWO AS TO PLAINTIFF KELVIN D. CERDA

(*Monell* Claim)

41. Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

42. At all times material to this complaint, Defendant THE CITY OF NEW YORK, acting through its police department, and through Defendants JENNINGS, LAZAROU, LAM, MUSANTE, CARRIERI, PUGLISI, RUSSO, ARCEO, DESIERVI, JOHN DOE 1 and JOHN DOES 2 through 5, had *de facto* policies, practices, customs, and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

43. At all times material to this Complaint, Defendant THE CITY OF NEW YORK, acting through its police department, and through Defendants JENNINGS, LAZAROU, LAM, MUSANTE, CARRIERI, PUGLISI, RUSSO, ARCEO, DESIERVI, JOHN DOE 1 and JOHN DOES 2 through 5, had *de facto* policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers and of failing to inform the individual Defendants' supervisors of their need to train, screen, supervise, or discipline said Defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

44. As a result of the foregoing, Plaintiff KELVIN D. CERDA was deprived of his liberty, suffered great humiliation, emotional distress and humility, nightmares, anxiety and nervousness, costs, and expenses, and was otherwise damaged and injured.

## COUNTS THREE AND FOUR AS TO PLAINTIFF KELVIN D. CERDA

(Excessive Force)

45.  Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

46.  By his actions, in physically using excessive force against Plaintiff KELVIN D. CERDA, defendants JENNINGS, LAZAROU, LAM, MUSANTE, CARRIERI, PUGLISI, RUSSO, ARCEO, DESIERVI, JOHN DOE 1 and JOHN DOES 2 through 5, used excessive force. More particularly, on November 18, 2012, Defendant JENNINGS roughed up the Plaintiff, KELVIN D. CERDA, by grabbing his arm, shaking it violently, pushing him up against his car, being physically aggressive with the Plaintiff KELVIN D. CERDA, and asked him to remove his shoes. In addition, MUSANTE was verbally abusive to the plaintiff, KELVIN D. CERDA.

47.  As a result of the foregoing, Plaintiff KELVIN D. CERDA suffered physical injury including injury, pain and suffering to his arm, great humiliation, emotional distress and injury, nightmares, anxiety and nervousness, costs, and expenses, and was otherwise damaged and injured.

### III. STATE LAW CLAIMS

### COUNT FIVE AS TO PLAINTIFF KELVIN D. CERDA

(Negligent Infliction of Emotional Harm)

48. Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

49. By their actions in negligently investigating plaintiff, Defendants JENNINGS, LAZAROU, LAM, MUSANTE, CARRIERI, PUGLISI, RUSSO, ARCEO, DESIERVI, JOHN DOE 1 and JOHN DOES 2 through 5, negligently inflicted emotional harm upon the Plaintiff KELVIN D. CERDA. The acts and conduct of the Defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

50. As a result of the foregoing, Plaintiff KELVIN D. CERDA suffered great humiliation, emotional distress and injury, nightmares, anxiety and nervousness costs, and expenses, and was otherwise damaged and injured.

### COUNT SIX AS TO PLAINTIFF KELVIN D. CERDA

(Malicious Prosecution)

51. Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

52. By their actions in initiating the prosecution of Plaintiff KELVIN D. CERDA with malice, and without sufficient probable cause, Defendants JENNINGS, LAZAROU, LAM, MUSANTE, CARRIERI, PUGLISI, RUSSO, ARCEO, DESIERVI, JOHN DOE 1 and JOHN DOES 2 through 5, maliciously prosecuted the Plaintiff. The acts and conduct of the Defendants were the direct and proximate cause of injury and damage to the Plaintiff KELVIN D. CERDA and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

53. As a result of the foregoing, Plaintiff KELVIN D. CERDA was deprived of his liberty, suffered great humiliation, emotional distress and injury, nightmares, anxiety and nervousness costs, and expenses, and was otherwise damaged and injured.

### COUNT SEVEN AS TO PLAINTIFF KELVIN D. CERDA

### (Abuse of Authority)

54. On November 18, 2012, JENNINGS searched the car in which KELVIN D. CERDA, was an occupant at Whitney Avenue and Hampton Street in Queens, NY, without justification or cause, in abuse of his authority.

55. On November 18, 2012, JENNINGS, frisked Plaintiff, KELVIN D. CERDA, at Whitney Avenue and Hampton Street, in Queens, NY, without justification or cause, in abuse of his authority.

56. On November 18, 2012, JENNINGS, roughed up the plaintiff, KELVIN D. CERDA, by forcibly grabbing his arm, at Whitney Avenue and Hampton Street, in Queens, NY, without justification or cause, in abuse of his authority.

57. On November 18, 2012, JENNINGS, held the plaintiff, KELVIN D. CERDA, up against his car in a forceful and aggressive manner, at Whitney Avenue and Hampton Street, in Queens, NY, without justification or cause, in abuse of his authority.

58. On November 18, 2012, JENNINGS ordered the plaintiff, KELVIN D. CERTDA, to take off his shoes, in a forceful and aggressive manner, at Whitney Avenue and Hampton Street, in Queens, NY, without justification or cause, in abuse of his authority.

59. On November 30, 2012, MUSANTE searched the car in which plaintiff, KELVIN D. ERDA, was an occupant at the Long Island Expressway and the Van Wyck Expressway, in Queens, New York, without justification or cause, in abuse of his authority.

60. On November 30, 2012, MUSANTE, was verbally abusive to the plaintiff, KELVIN D. CERDA, cursing, ranting and raving at him, without justification or cause, in abuse of his authority.

61. As a result of the foregoing, Plaintiff KELVIN D. CERDA was deprived of his liberty, suffered great humiliation, emotional distress and injury, nightmares, anxiety and nervousness costs, and expenses, and was otherwise damaged and injured.

## COUNT EIGHT AS TO PLAINTIFF KELVIN D. CERDA

### (Other Misconduct)

62. On November 18, 2012, DESIERVI failed to supervise officers JENNINGS and LAZAROU, as required by Patrol Guide Procedure 202-18.

63. On November 18, 2012, LAZAROU failed to prepare a stop and frisk report as required by Patrol Guide Procedure 212-11.

64. On February 7, 2013, CARRIERI, failed to prepare a memo book entry as required by Patrol Guide Procedure 212-08.

65. As a result of the foregoing, Plaintiff KELVIN D. CERDA was deprived of his liberty, suffered great humiliation, emotional distress and injury, nightmares, anxiety and nervousness costs, and expenses, and was otherwise damaged and injured.

### JURY DEMAND

66. Plaintiffs demand trial by jury of the causes of action brought in this Complaint, as authorized by law.

WHEREFORE, Plaintiff RUBEN D. CERDA demands the following relief jointly and severally against all of the Defendants:

a. Compensatory damages in the amount of $1,000,000.00 (One Million Dollars).

b. Punitive damages in the amount of $2,000,000.00 (Two Million Dollars).

c. Costs and attorney's fees.

d.    Such other and further relief as this court may deem appropriate and equitable;

WHEREFORE, Plaintiff KELVIN D. CERDA demands the following relief jointly and severally against all of the Defendants:

e.    Compensatory damages in the amount of $1,000,000.00 (One Million Dollars).

f.    Punitive damages in the amount of $2,000,000.00 (Two Million Dollars).

g.    Costs and attorney's fees.

h.    Such other and further relief as this court may deem appropriate and equitable;

Dated: Brooklyn, New York
       February 8, 2016

                                        Respectfully submitted,
**STEFANO FILIPPAZZO, P.C.**
Counsel for the Plaintiffs

*/s/ Stefano A. Filippazzo, Esq.*

By: STEFANO A. FILIPPAZZO, ESQ.
16 Court Street, 28th Floor
Brooklyn, New York 11241
P: 718.855.1350

## **AFFIRMATION OF SERVICE**

STATE OF NEW YORK, COUNTY OF KINGS ss.:

STEFANO A. FILIPPAZZO, affirms as follows:

I am over 18 years of age, I am not a party to the action, and I reside in Kings County in State of New York.

I served a true copy of the annexed, **Supplemental Summons and Amended Complaint,** on February 8, 2016, by mailing the same in a sealed envelope, with postage prepaid, thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee as indicated below:

To:     Daniel Passeser, Esq.
New York City Law Department
**Attorneys for Defendants**
THE CITY OF NEW YORK and
SIU LAM
100 Church Street
New York, New York 10007
P: 212.356.2377

Douglas LaBarbera, Esq.
WORTH, LONGWORTH & LONDON, LLP
**Attorneys for Defendant**
DANIEL JENNINGS
111 John Street, Suite 640
New York, New York 10038
P: 212.964.8038

Mathew Kelly Schieffer, Esq.
THE QUINN LAW FIRM
Attorneys for Defendants
MICHAEL LAZAROU and
JOHN MUSANTE
399 Knollwood Road, Suite 220
White Plains, New York 10603
P: 914.997.0555

MICHAEL CARRIERI
110th Precinct
9441 43rd Avenue
Flushing, New York 11373
P: 718.476.9311

RYAN PUGLISI
Narcotics Manhattan North
2768 8th Avenue
New York, New York 10039
P: 212.694.8226

DAVID RUSSO

P.O. CESAR ARCEO
115th Precinct
9215 Northern Blvd.
Jackson Heights, New York 11372
P: 718.533.2002

SGT. DOMINICK DESIERVI
Narcotics Manhattan North
2768 8th Avenue
New York, New York 10039
P: 212.694.8226

Affirmed this 8th day
of February, 2016

_____
STEFANO A. FILIPPAZZO, ESQ.